UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 08-01598-SGL(FMOx)                                Date:  December 8, 2008

Title:      DEUTSCHE BANK NATIONAL TRUST COMPANY v. ALEJANDRO ARENAS
==========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                                                None Present
        Courtroom Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                    None present

PROCEEDINGS:    ORDER REMANDING MATTER TO RIVERSIDE COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION

## I.  FACTUAL BACKGROUND

On September 4, 2008, plaintiff filed this unlawful detainer case against defendant in the Riverside Superior Court. Plaintiff seeks to recover possession of the real property located at 23198 Sunny Canyon Street, Perris, CA 92570, as well as damages of $50 per day for each day defendant continues in possession of the property past August 18, 2008. The complaint alleges that the damages sought do not exceed $10,000; as a result, pursuant to California Code of Civil Procedure § 1161a, plaintiff filed the action as a limited civil case. See CAL. CODE CIV. PROC. § 86 (classifying cases where the amount of the prayer is less than $25,000 as limited civil cases). On November 10, 2008, defendant removed the action to federal court.

Defendant asserts that the court has subject matter jurisdiction because the case arises under federal law. He identifies no federal law implicated by plaintiff's claims, however, nor does he reference specific allegations purportedly raising a federal question. Defendant also asserts that "complete diversity" exists and that he "believes that the amount in controversy ex[c]eeds" $75,000.00." Defendant states that he is a citizen of California; he does not specify or present evidence regarding plaintiff's citizenship, however. Plaintiff's complaint, moreover, contains no allegations from which the parties' citizenship can be determined.

## II.  DISCUSSION

### A.  Standard Governing Removal Jurisdiction

Unless expressly excepted by some other federal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988));  *Befitel v. Global Horizons, Inc.*, 461 F.Supp.2d 1218, 1221 (D. Haw. 2006) ("In diversity cases, the burden of proving all jurisdictional facts rests on the party seeking jurisdiction," citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001)).

Thus, if there is any doubt regarding the existence of federal jurisdiction, the court must resolve it in favor of remanding the action to state court.  *Gaus*, 980 F.2d at 566 ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," citing *Libhard v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979));  *Befitel*, 461 F.Supp.2d at 1221 ("Diversity jurisdiction is to be strictly construed and any doubts are to be resolved in favor of remand to the state court" (citations omitted)).

### B.  Whether the Requirements for Federal Question Jurisdiction are Met

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint."  *Franchise Tax Bd.*, 463 U.S. at 9-10.  Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence

of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the fact of plaintiff's complaint, and defendant cites none. Rather, he contends that federal question jurisdiction exists because he propounded a "discovery request" for "the original blue inked promis[s]ory note." It is unclear what promissory note defendant references or why he believes his request for it involves a question of federal law. A discovery request does not provide a basis for federal question jurisdiction. Moreover, as the complaint makes clear, this is an unlawful detainer case based entirely on state law. Accordingly, the requirements of federal question jurisdiction are not satisfied.

### C. Whether The Requirements for Diversity Jurisdiction are Met

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C.

ED CV 08-01584-SGL(RCx)
GWEN W. HAMMARSTROM v OCWEN LOAN SERVICING, LLC
MINUTE ORDER of December 8, 2008

§ 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants.  See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).  As noted, plaintiff's complaint does not disclose the citizenship of the parties and defendant's notice of removal does not plead plaintiff's citizenship.  Therefore, the court cannot determine whether this element of diversity jurisdiction is satisfied.  Even if the parties' citizenship is diverse, however, defendant cannot remove.  This is because 28 U.S.C. § 1441(b) states: "Any . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Defendant states that he is a citizen of California.  As a result, he cannot remove on the basis of diversity of citizenship.

Additionally, defendant has not met his burden of demonstrating that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir.1992)).  As evidence that the amount in controversy requirement is satisfied, defendant offers only the conclusory, unsupported statement that he "believes" more than $75,000 is at issue. He proffers no facts or evidence corroborating this view.  It is clear, moreover, from other information in the record that the amount in controversy does not meet the jurisdictional threshold.  Plaintiff seeks damages of $50 a day from and after August 18, 2008; it alleges that its damages do not exceed $10,000; and it filed the action as a limited civil case.  Given this convincing evidence that the amount in controversy does not exceed $75,000, and defendant's failure to provide any evidence to the contrary, the court concludes that the amount in controversy requirement is not met.

### III. CONCLUSION

For the reasons stated, the case is summarily **REMANDED** to Riverside County Superior Court.

IT IS SO ORDERED.

MINUTES FORM 90                                                                 Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                         4